IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT BRYAN HOLT,
ADC #104652                                                              PLAINTIFF

v.                                    5:09CV00167SWW/JTK

LARRY NORRIS, et al.                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

Susan Webber Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections

may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional

evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time

that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendant's motion for summary judgment (Doc. No. 37).[1]

Plaintiff has filed a response in opposition to the motion (Doc. No. 59).

Plaintiff, a state inmate incarcerated at the Diagnostic Unit of the Arkansas Department of

Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendant, alleging deliberate

indifference to his serious medical needs with respect to an injury he received during his prison work

assignment in July, 2007, while incarcerated at the Varner Unit.  Specifically, plaintiff alleges he was

working on a plumbing project on July 4, 2007, when his hand slipped and he sliced his finger on a

metal stud, cutting a tendon in his finger.  Plaintiff was taken to the infirmary, where the nurse contacted

defendant Dr. Scott by telephone.  Plaintiff alleges Dr. Scott told the nurse that plaintiff would be okay

until the next day when the doctor could see him, and directed the nurse to treat plaintiff's wound

---

[1]

Dr. Robert Scott is the sole remaining defendant in this lawsuit.

temporarily.  Plaintiff states the nurse put liquid stitch on his finger and put it in a brace.  The next day when plaintiff was examined by defendant Scott, plaintiff alleges he merely spot-checked his finger and did not order an x-ray.  Plaintiff later underwent surgery to repair the tendon, and alleges defendant Scott should have repaired the tendon initially, and that failure to do so resulted in an additional scar on his finger.  Plaintiff also states he does not have a full grip with his left hand and claims when he is released from prison he will not be able to obtain the type of construction job as he would if he had a full grip in his left hand.  Plaintiff asks for damages from defendant.

## II.  Summary Judgment Motion

A.  Defendant's Motion

In support of his motion, defendant Scott states plaintiff can not support a claim of deliberate indifference against him, because he can not show a serious deprivation of medical treatment, or that defendant acted with a culpable state of mind.  Defendant notes that according to plaintiff's medical records (Doc. No.  37, Ex. B), plaintiff was immediately treated on July 4, 2007 for his injury, and was seen by defendant the next day.  At that time, defendant examined the cut on plaintiff's finger and noted a possible laceration of his joint.  He dressed the wound and scheduled a follow-up appointment in one week.  Defendant also extended plaintiff's prescription for one arm/hand duty, ordered a daily dressing of his wound, and prescribed plaintiff Ibuprofen.   Defendant further states plaintiff was examined by a nurse on July 7, 2007, who noted no sign of drainage or infection and ordered an x-ray.  Defendant then examined plaintiff again on July 12, 2007, determined plaintiff had a lacerated tendon, and requested a consultation with an orthopedic surgeon, who examined plaintiff on August 1, 2007.  Plaintiff received surgery by Dr. John Lytle to repair the tendon on August 7, 2007.

According to the medical records, following plaintiff's surgery, plaintiff was prescribed Ibuprofen, restricted to one-hand duty, and was seen on several occasions by Dr. Lytle and nurses in the Infirmary. On September 19, 2007, Dr. Lytle examined plaintiff and noted plaintiff's range of motion was excellent and that he should be able to return to normal active duty without restrictions on October 22, 2007. Plaintiff admits in his deposition that his medical records are valid and that he was treated on the dates listed. (Doc. No. 37, Ex. A.)

Defendant Scott states plaintiff is suing him because he believes defendant should have examined him on the date of his injury, and should have ordered immediate surgery. Defendant states negligence does not support a finding of a constitutional violation, and notes that plaintiff admits in his deposition that, "I'm not trying to say Dr. Scott is hateful...deliberately done this to me personally." (Doc. No. 37, Ex. A p. 49)

Defendant also states plaintiff can not show that a delay in surgery caused him injury, which is requisite for establishing a constitutional violation. See Sherrer v. Stephens, 50 F.3d 496 (8th Cir. 1994). Defendant notes that prior to his injury, plaintiff was medically classified as M-2, and after his surgery, he requested to be re-classified as M-1, thus making him eligible for a broader range of jobs. According to plaintiff's deposition, plaintiff admits not knowing whether his lack of grip in his left hand is a result of a delay in surgery, and defendant states plaintiff therefore can not support his claim of an injury due to delay. (See Doc. No. 37, Ex. A) Finally, defendant states plaintiff's claim against him is nothing more than a disagreement over the method of treatment, which also fails to support a constitutional violation. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

B.  Plaintiff's Response

In his response, plaintiff states defendant's immediate treatment of him was "inadequate, unmeaningful, and so egregious as to support deliberate indifference to the plaintiff's serious medical needs." (Doc. No. 59, p. 1)  Plaintiff complains that on the date of his injury defendant did not come to the Infirmary to personally examine him, and instead, gave orders to the nurse over the telephone. Plaintiff also states a free-world physician would not have acted as careless.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendant was deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a

claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, supra (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996 ).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany, supra, 132 F.3d at 1240.

D.  Analysis

         The Court finds plaintiff fails to support his Eighth Amendment deliberate indifference claim against defendant.  Plaintiff does not allege that he was denied treatment, but rather, disagrees with the method of defendant's treatment, which was to have the nurse treat him initially.  In addition, plaintiff's allegation of a delay in treatment is not supported by medical evidence that the delay caused him harm. According to his medical records, his finger healed and he was able to return to unrestricted duty.  In addition, plaintiff requested that he be medically classified as "M-1", which made him available for a wide range of jobs and duties.  Finally, although plaintiff alleges discrepancies in his treatment, he

provides no proof of behavior by defendant Scott to support a finding of deliberate indifference. Therefore, the Court concludes that defendant's motion for summary judgment should be granted, and plaintiff's complaint against defendant should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment (Doc. No. 37) is hereby GRANTED, and plaintiff's complaint against defendant is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 12th day of May, 2010.

_____
United States Magistrate Judge